JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 24-0986 JGB (SHKx)** | Date | September 26, 2024 |
|---|---|---|---|
| Title | *Richard Nassar v American Express National Bank* | | |

| Present: The Honorable | JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE |
|---|---|

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** Order (1) DISMISSING Plaintiff's Complaint for Failure to Comply with Court Orders; (2) VACATING the September 30, 2024 Hearing; and (3) DIRECTING the Clerk to Close the Case (IN CHAMBERS)

On May 10, 2024, pro se plaintiff Richard Nassar ("Plaintiff") filed a complaint against defendant American Express National Bank ("Defendant"). ("Complaint," Dkt. No. 1.) On July 5, 2024, Defendant answered. ("Answer," Dkt. No. 10.)

On August 1, 2024, Defendant filed a motion to compel arbitration and to stay the action. ("MTC" or "Motion," Dkt. No. 14.) On September 4, 2024, the Court ordered Plaintiff Nassar to file an opposition or a notice of non-opposition by September 16, 2024. ("Order to Show Cause" or "OSC," Dkt. No. 16.) As the Court noted in its OSC, Plaintiff had failed to file opposition papers pursuant to Local Rule 7-9 ("L.R. 7-9"). (Id.) The OSC warned Plaintiff that "[f]ailure to comply with this Court's order may result in the granting of Defendant's Motion, or dismissal of Plaintiff's Complaint." (Id.) To date, Plaintiff has still not filed an opposition, a notice of non-opposition, or requested an extension of time.

Federal Rule of Civil Procedure 41(b) grants the Court authority to *sua sponte* dismiss actions for failure to prosecute or failure to comply with court orders. See Fed. R. Civ. P. 41(b); Wolff v. California, 318 F.R.D. 627, 630 (C.D. Cal. 2016). Plaintiffs must prosecute their cases with "reasonable diligence" to avoid dismissal pursuant to Rule 41(b). Anderson v. Air W., Inc., 542 F.2d 522, 524 (9th Cir. 1976). Plaintiff failed to comply with the Court's OSC by the Court-ordered deadline.

Before dismissing an action for either failure to prosecute, failure to obey a court order, or failure to follow the local rules, a court must weigh several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases of their merits; and (5) the availability of less drastic sanctions. Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (failure to follow local rules); Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (failure to prosecute or to comply with a court order). The Court need not weigh these factors explicitly. See Ghazali, 46 F.3d at 53–54.

The Court finds that dismissal is appropriate. Both the Court and the public benefit from the expeditious resolution of this action because further delay will impede judicial efficiency. See Pagtalunan, 291 F.3d at 642 ("fail[ing] to pursue the case for almost four months" favors dismissal). Plaintiff has unreasonably delayed this action by refusing to meet and confer with Defendant regarding its Motion (See Motion at 2), then failing to comply with L.R. 7-9 and this Court's OSC without explanation. Additional delay will prejudice Defendant. See Sw. Marine Inc. v. Danzig, 217 F.3d 1128, 1138 (9th Cir. 2000) ("Unreasonable delay is the foundation upon which a court may presume prejudice."). Moreover, less drastic sanctions are not realistic. The Court has already issued an Order to Show Cause, which fulfilled its "obligation to warn the plaintiff that dismissal is imminent." Oliva v. Sullivan, 958 F.2d 272, 274 (9th Cir. 1992). "[A] district court's warning to a party that his failure to obey the court's order will result in dismissal can satisfy the 'consideration of alternatives' requirement." Ferdik, 963 F.2d at 1262 (quoting Malone v. U.S. Postal Serv., 833 F.2d 128, 132–33 (9th Cir. 1987)). In sum, the Court concludes that four of the five factors weigh in favor of dismissing this action in its entirety. See Pagtalunan, 291 F.3d at 643 (affirming dismissal where three factors favored dismissal).

Accordingly, the Court **DISMISSES** Plaintiff's action for failure to comply with court orders and **DIRECTS** the Clerk to close the case.

**IT IS SO ORDERED.**